United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 04-60118
Summary Calendar
_____


CCC GROUP, INC.

Petitioner-Cross-Respondent,

V.

NATIONAL LABOR RELATIONS BOARD

Respondent-Cross-Petitioner.

_____

Petition for Review of an Order of the
National Labor Relations Board
(12-CA-21800)

_____


Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner CCC Group, Inc. appeals the National Labor

Relations Board (Board) order finding that Petitioner committed

unfair labor practices by refusing to hire Michael Kell (Kell)

because of his union affiliation. The only significant issue on

appeal is whether the finding is supported by substantial

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

evidence.

After reviewing the record in this case, we are satisfied that ample evidence supports the Board's conclusion that CCC Group, Inc. engaged in discriminatory hiring practices by refusing to hire Kell because of his union affiliation. The Board credited Kell's testimony, particularly his account of his job interview with Terry Atchley (Atchley), the Operations Manager of CCC Group, Inc. On April 20, 2001 Kell filled out an application for employment at the CCC Group, Inc. office in Bartow, FL. When Kell returned the completed application to the secretary, she asked him to wait for an interview. After a few minutes, Atchley called Kell into his office. During the beginning of their conversation, Atchley inquired about Kell's prior work experience and level of expertise with various machines. Atchley expressed interest in Kell until he turned to the second page of the job application and saw that Kell was a member of a union. According to Kell's testimony, upon reading that Kell was employed by the Operating Engineers, Atchley's attitude changed visibly and he began to inquire as to whether Kell planned to leave the union if employed by CCC Group, Inc. When Kell replied that he intended to stay with the union and work at CCC Group, Inc. at the same time, Atchley put down Kell's job application and informed Kell that the company did not hire crane operators. At the end of the interview, as Kell moved toward the door to leave, Atchley said "CCC's non-union down here in Florida."

A few weeks later, Kell learned that Petitioner was actively recruiting crane operators by placing an ad in the "Ledger", a Lakeland, FL newspaper, which advertised a position for a conventional/hydraulic crane operator in the Bartow office. This ad ran from May 3 – 8, 2001, two weeks after Kell had filled out an application and been told that the company did not hire crane operators. After discovering this, Kell, on two later dates, asked secretaries for CCC Group, Inc. how long the company kept job applications active. He received two different answers, "six months" and "for years". Petitioner, however, did not call Kell to fill the crane operator position. When Kell applied for the crane operator position at CCC Group, Inc., he had 8 years experience in hydraulic and conventional cranes, 5 years with engine and heavy equipment repair, could operate several other machines, and possessed a forklift operator's license and training in phosphate mine safety. These credentials qualified Kell for the position of crane operator which Petitioner sought to fill.

The Board did not credit Petitioner's employee Atchley's testimony. However, his refusal to admit that he interviewed Kell and his description of their conversation demonstrated that Petitioner never considered Kell as a job applicant, even though he completed an application to be a crane operator and expressed his interest throughout the interview. Additionally, the Board credited the testimony of Robert Willis (Willis), who testified

that John Matejek (Matejek), the regional manager of Bartow, FL, when firing Willis, stated that CCC Group, Inc. was "a non-union company and it was going to F'ing stay that way".

In arguing that the Board incorrectly held that CCC Group, Inc. was unable to prove its affirmative defense that Kell would not have been hired even in the absence of anti-union animus, Petitioner relies primarily on the testimony of Matejek. At bottom, Petitioner challenges the Board's credibility call in rejecting the testimony of Matajek who testified that the reason Petitioner did not hire Kell was that there were several more qualified applicants for the crane operating position. It is, however, not the function of this Court to secondguess the Board's credibility calls with respect to witnesses. See NLRB v. McCullough Envt'l Servs. Inc., 5 F.3d 923, 927-8 (5th Cir. 1991)

Because substantial evidence supports the Board's Order, the Board's application for enforcement is granted.

Order enforced.